MANNING, MAXWELL & MOORE, INC., Appellant, Respondent, *v.* AMERICAN CAN COMPANY, Respondent, Appellant.

First Department, March 15, 1918.

**Pleading — counterclaim for failure to deliver shrapnel fuse parts — bill of particulars.**

A motion for a bill of particulars as to a counterclaim for breach by the plaintiff of a written contract to deliver shrapnel fuse parts should be modified so as to call only for a general description of the parts which plaintiff did not continue to deliver as rapidly as possible, as it would be burdensome and unnecessary to require the defendant to specify each of the parts separately.

As the defendant has sufficiently indicated its claim by specifying that not more than 108,000 were delivered, and the plaintiff knows how many complete sets were furnished, a bill of particulars relating thereto should not be granted.

As the defendant claims gross negligence and bad faith as the cause for delay in deliveries, the plaintiff is entitled to have these generalities made specific.

The plaintiff is entitled to a bill of particulars so that it may appear whether the alleged delays were substantial.

As there was no allegation or claim of special damage, the plaintiff is not entitled to specifications of items of damage.

CROSS-APPEALS by the plaintiff, Manning, Maxwell & Moore, Inc., and by the defendant, American Can Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of February, 1918, granting in part and denying in part plaintiff's motion for a bill of particulars.

*Clarke M. Rosecrantz* of counsel [*E. H. Sykes* with him on the brief; *Sullivan & Cromwell*, attorneys], for the appellant, respondent.

*Graham Sumner* of counsel [*Simpson, Thacher & Bartlett*, attorneys], for the respondent, appellant.

SHEARN, J.:

The defendant counterclaims for breach by the plaintiff of a written contract between the parties for the manufacture by the plaintiff and the purchase by the defendant of 750,000 complete sets of shrapnel fuse parts to be delivered to the defendant "as rapidly as possible," delivery to be "completed on or before February 1, 1917." It is alleged that plaintiff "did not continue to deliver to the defendant said shrapnel fuse parts as rapidly as possible, but wholly failed and neglected so to do and did not deliver to defendant prior to February 1, 1917, more than 108,000 complete sets of such parts." Also that plaintiff "was guilty of gross and inexcusable negligence, bad faith and wrongful conduct in connection with the manufacture and delivery of said shrapnel fuse parts, did not use its best efforts in good faith to manufacture and deliver said shrapnel fuse parts as rapidly as possible, and caused and permitted unnecessary and inexcusable delays in the manufacture and delivery thereof;" that "by reason of the neglect and failure of the plaintiff in performing said agreement and making delivery of shrapnel fuse parts as pro-

vided therein, the defendant has been damaged to the extent of one million six hundred thousand dollars ($1,600,000)." The Special Term granted in part plaintiff's motion for a bill of particulars of this counterclaim and denied it in part. The particulars sought were nineteen in number. All were granted except 1, 4, 5, 8, 9, 10 and 12, which were denied. Both parties appeal.

No. 1 was properly denied because it is covered by the allegation of failure to deliver more than 108,000 complete sets of the parts as rapidly as possible, and the claim showing wherein it was possible to make earlier deliveries is covered by the other particulars of the claim which the court ordered the defendant to furnish.

No. 2 should be modified so as to call only for a general description of the shrapnel fuse parts that plaintiff did not continue to deliver as rapidly as possible. It would be a burdensome and unnecessary requirement to specify each of the parts separately, running perhaps into thousands.

No. 3 should not have been granted, for not only does the plaintiff know how many complete sets were delivered but the defendant has sufficiently indicated its claim by specifying that not more than 108,000 were delivered.

Nos. 4, 5, 8 and 9 should have been granted. These call for particulars of defendant's claim of negligence and bad faith in connection with the manufacture and delivery. These allegations cannot be regarded as superfluous, for the contract was to deliver as rapidly as possible and where defendant claims gross negligence and bad faith as the cause for the delay in deliveries, the plaintiff is clearly entitled to have these generalities made specific so that the issues will be limited and it will know what to meet. For the same reasons Nos. 6 and 7 were properly granted.

No. 10 was improperly denied. It goes to the heart of defendant's claim of negligence; it does not call for evidence but is calculated to make definite the claim and limit the proof.

No. 11 was properly granted so that it may appear whether the delays were substantial and so that the plaintiff may be apprised of the claim. For the same reason No. 12 was improperly denied.

Nos. 13 to 19, inclusive, call for (in different terms)

specifications of items of damage. In our opinion all of these requirements were improper and unnecessary because there is no allegation or claim of special damage.

The order should be modified in accordance herewith, and as modified affirmed, without costs.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concurred.

Order modified as stated in opinion, and as modified affirmed, without costs. Order to be settled on notice.